WILLIAM F. SHARPE, Appellant, *vs.* GEORGE TRAVER, impleaded with GEORGE W. WILLIS *et al.*, Respondents.

**APPEAL FROM THE DISTRICT COURT OF FILLMORE COUNTY.**

A new trial will not be granted on the ground of newly discovered evidence, if such evidence relate to one only of several issues tried, and the findings on the other issues would still entitle the successful party to a judgment in his favor. Nor will this Court, on appeal from an order denying a motion for a new trial on such ground, take notice of any matter or point not involved in the decision appealed from.

### Points and Authorities of Appellant.

First—The newly discovered evidence in this case fulfils all the requisites laid down by the authorities, being new, newly discovered, material, not cumulative, and the party having used reasonable diligence. *See affidavits of Wells and Edwards, fol.* 60 *to* 74; 1 *Graham & Waterman on New Trials, p.* 463.

It is new, not used at the trial, newly discovered, discovered since the trial. It is not cumulative, not additional evidence of the same character to the same points, the new evidence being to the existence, prior to the mortgage, of an agreement to mortgage the land alleged to be therein defectively described, and of a mistake in the drafting thereof, the mortgage itself being the only evidence at the trial. *Gardner vs. Mitchell,* 6 *Pick., p.* 114; 10 *Wendell, p.* 286.

It is material, as to an agreement to mortgage the land alleged to be defectively described in the mortgage, and mistake in drawing same. It comes within the rule under which a new trial will be granted; for with such evidence, the Judge who tried the case could not have come to the conclusion he did on these points. *See decision of Judge, fol.* 52 *to* 55; 1 *Graham & Waterman,* 465.

Second—It will be objected that admitting this evidence,

the result of a new trial would be the same as the first, the Judge finding that Traver was a *bona fide* purchaser without notice. This finding is, however, erroneous in law, because—

Third—The record of the mortgage was notice to Traver, the description of the parcel in question not being meaningless, but sufficiently, though defectively, describing some land in Chatfield. *See the Mortgage, App. B. & App. C*; *Hull vs. Fuller*, 7 *Vermont*, 100; *Pernem vs. Wood*, 6 *Mass.*, 131.

Points and Authorities for Respondent.

First—The only ground of the motion is newly-discovered evidence. The affidavits show conclusively that this " newly discovered evidence " does not come up to the requirement of the law. *Comp. Stat., p. 564, sec. 58, sub. 6.* No diligence is shown.

*a.* It appears, by the affidavit of H. R. Wells, Attorney for Appellant, that he knew that the mortgage was drawn by Charles H. Sharpe at the office of Edwards & Sharpe. He knew that the first material issue was the agreement to mortgage the land " defectively described." He knew that the " negotiation for the giving of the mortgage was conducted by Charles H. Sharpe, the son of Appellant." Yet it does not appear that he at any time applied to him to ascertain what his evidence would be as to such " agreement" 10 *Wend. R*, 286., 1 *G. & W. on New Trials*, 472, *III.*, *ib.*, 1026. If such application had been made, the intelligence must have followed.

*b.* The " newly discovered evidence " is cumulative. There was evidence offered as to the agreement, viz. : The mortgage which is the best evidence. 10 *Wend. R.*, 286; 5 *Minn. R.*, 171; 1 *G. & W. on New Trials*, 486; *III Ib.*, 1046.

*c.* Neither of the witnesses know anything of any " mistake " in the description.

Second—The Respondent, Traver, claims title as a purchaser without notice. No evidence was offered showing, or tending to show notice. The newly discovered evidence does not reach the question of notice at all. A new trial must therefore necessarily result as the present.

The Court below found as a fact that Traver purchased without notice. It was not claimed in the Court below, on the motion for a new trial, that this finding was erroneous in law, or against the evidence. These questions cannot be raised upon appeal for the first time. *Comp. Stat., p.* 564, *sec.* 59, 63.

C. G. RIPLEY, Counsel for Appellant.

R. A. JONES, Counsel for Respondents.

*By the Court*—EMMETT, C.J.—The only question involved in this appeal is whether the Court below erred in denying the Plaintiff a new trial on the ground of newly-discovered evidence, as shown by the affidavits of Wells and Edwards.

The object of these affidavits was simply to show to the Court that there were other facts, in addition to those proved on the trial, which, if they had been shown at the time of the trial, would have produced a different result; but it was not claimed that the Judge who tried the issues had erred in his conclusions, either of fact or of law. We cannot, however, determine the question presented here without examining to some extent the conclusion arrived at on the trial.

The Judge found that the first description in the mortgage given by Willis to the Plaintiff, is so uncertain and defective, as not to describe, with sufficient legal certainty, any property whatever; in other words, that it is void for uncertainty—that the record thereof was no notice of any incumbrance upon the premises sought to be reached by the correction proposed, and that the Defendant, Traver, purchased the premises alleged to have been intended by said description, without actual notice, or knowledge of any kind, of the existence or record of the Plaintiff's mortgage, and paid therefor an ample and sufficient consideration.

He also found, in regard to said description, that there was no omission by inadvertence or mistake, on the part of the parties to the mortgage, or of the scrivener who wrote it, to insert therein any other word or sentence, as alleged in the complaint; that there was no agreement that said description

should be other than what was actually written, and that there was no agreement that said mortgage should cover any other premises than those therein described; or, in other words, that there was no agreement that the premises conveyed to Traver should be included in the mortgage to the Plaintiff.

Now, the facts stated in the affidavits upon which the motion for a new trial was based, all go to the question of mistake in the description, or as to what property was intended by the defective description. We may, therefore, admit, for the purposes of the argument, that the evidence shown by these affidavits is everything that the Plaintiff claims it to be, and yet it would show only that, contrary to the finding of the Court, the mortgage was intended to include the premises afterwards conveyed to Traver; that the defective description referred to them ; and that certain words or sentences which would have made the description complete as to said premises, were omitted by mistake of the parties, or of the scrivener. This would, probably, demonstrate that, as against Willis, the mortgagor, the Plaintiff is entitled to have the description corrected. But still it could not affect the rights of Traver, who is found to be an innocent purchaser, for value, and without notice of the Plaintiff's equities, either express or implied, and who is the only party Defendant, interested in this appeal. We cannot, therefore, resist the conclusion, that were a new trial granted, the result, as to Traver, would not be changed; and, as to the others, the Plaintiff might long ago have taken judgment against them by default.

The Plaintiff's counsel seems to have anticipated this difficulty ; and hence the claim, or point, made here for the first time, that the facts proved on the trial, made Willis the mortgagor, an agent of the Defendant, Traver, in the purchase of the land of himself; and, therefore, that Traver is chargeable with all the knowledge on the subject that Willis possessed.

It is not necessary to discuss or decide this point, because we think, with the Counsel for the Defendant, that the question of notice to Traver, whether actual or implied, has been

settledby the finding of the Court, and is not involved in this appeal.

The order denying a new trial must be affirmed.